THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID EUDENE MAGARRELL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:14-cr-00199-DN<br><br>District Judge David Nuffer |

Defendant David Eudene Magarrell seeks early termination of his life term of supervised release ("Motion").[1] The government opposes Defendant's Motion.[2] And because of its internal policy regarding the nature of Defendant's offense, the United State Probation Office takes no position on the Motion.[3]

Upon consideration of Defendant's conduct while on supervised release and the relevant factors of 18 U.S.C. § 3553(a), early termination of Defendant's supervised release is not in the interest of justice. Therefore, Defendant's Motion[4] is DENIED.

## DISCUSSION

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised

---

[1] Defendant's Motion for Early Termination of Supervised Release ("Motion"), docket no. 51, filed Mar. 13, 2025.

[2] United States' Response in Opposition to Motion for Early Termination, docket no. 53, filed Mar. 27, 2025.

[3] Report on Person Under Supervision ("Report") at 2, docket no. 54, filed Apr. 16, 2025.

[4] Docket no. 51, filed Mar. 13, 2025.

release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[5] The relevant factors of 18 U.S.C. § 3553 include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;[6]
- the need for the sentence imposed to afford adequate deterrence to criminal conduct;[7]
- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[8]
- the kinds of sentence and the sentencing range established for the applicable category of offense committed;[9]
- any pertinent policy statement issued by the United States Sentencing Commission;[10]
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;[11] and
- the need to provide restitution to any victims of the offense.[12]

Defendant was sentenced to a life term of supervised release for his conviction of Distribution of Child Pornography.[13] Defendant began his term of supervised release on August 13, 2019.[14] Since his supervision began, Defendant has successfully completed sex offender treatment;[15] has maintained full-time employment for several years;[16] has paid all ordered

---

[5] 18 U.S.C. § 3583(e)(1).

[6] *Id*. § 3553(a)(1).

[7] *Id*. § 3553(a)(2)(B).

[8] *Id*. § 3553(a)(D).

[9] *Id.* § 3553(a)(4).

[10] *Id*. § 3553(a)(5).

[11] *Id*. § 3553(a)(6).

[12] *Id*. § 3553(a)(7).

[13] Amended Judgment in a Criminal Case at 3, docket no. 44, filed Apr. 28, 2015.

[14] Report at 1.

[15] Motion at 1.

[16] *Id.*

2

restitution;[17] has maintained a strong pro-social support network through his family and church community;[18] and has complied with the terms of his supervised release, except for one instance of non-compliance in January 2021, when he received a citation for an open container and admitted to drinking alcohol.[19] Defendant's conduct while on supervised release is commendable. But his conduct is also what is expected of a defendant while on supervised release and does not justify early termination of his supervision.

Because of the nature of Defendant's offense, he is not entitled to a presumption in favor of the Probation Office recommending early termination of supervised release.[20] The serious nature and circumstances of Defendant's offense also weigh heavily against early termination of his supervised release. As detailed in the Presentence Investigation Report, Defendant's offense conduct included his distribution of approximately 61 videos of child pornography.[21] Defendant was also found in possession of 4,454 images and 726 videos depicting prepubescent children involved in sadistic and masochistic sexual acts with adults.[22] And Defendant's psychosexual assessment placed his sexual risk "within the HIGH MODERATE range provided that he has probationary restrictions and monitoring of his behavior that is paired with sexual offender specific treatment."[23]

The imposed life term of supervised release on Defendant was and remains appropriate and necessary to adequately deter criminal conduct. The life term of supervised release is also

---

[17] *Id*.

[18] *Id*. at 1-2.

[19] *Id*. at 2; Report at 2.

[20] Report at 1.

[21] Presentence Investigation Report ¶ 11 at 5, docket no. 34, filed under seal Mar. 13, 2015.

[22] *Id*. ¶ 12 at 5.

[23] *Id*. ¶ 60 at 12.

consistent with the kinds of sentence and the sentencing range established for the offense committed. And the life term of supervised release does not create unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Under the circumstances and considering the relevant factors of 18 U.S.C. § 3553(a), early termination of Defendant's supervised release is not in the interest of justice. Defendant's approximate five and a half years of compliant conduct while on supervised release does not warrant early termination of his life term of supervised release.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[24] is DENIED.

Signed April 16, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[24] Docket no. 51, filed Mar. 13, 2025.